IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BARBARA M. BUSH | * |
|       Plaintiff | |
|     v. | * CIVIL ACTION NO. AMD-07-1977 |
| BENSON E. LEGG, U.S. JUDGE | * |
| BONNIE S. GREENBERG, U.S. | |
|   PROSECUTOR | * |
| PETER L. GOLDMAN, Attorney | |
|       Defendants | * |
| | *** |

MEMORANDUM

On April 27, 2006, a criminal complaint was filed charging plaintiff with two counts of mailing threatening communications, in violation of 18 U.S.C. § 876(c). *See United States v. Bush*, Criminal No. L-06-0202 (D. Md.). An indictment charging the same was returned on May 8, 2006. The criminal docket reveals that plaintiff has twice received the appointment of CJA counsel, a joint motion for court-ordered psychiatric examination was granted by Chief Judge Benson E. Legg, and a motions hearing is currently scheduled for September 7, 2007.

Plaintiff, who is detained at the Federal Medical Center ("FMC")-Carswell in Ft. Worth, Texas, filed this "federal question" complaint[1] for declaratory, injunctive, and compensatory relief against Chief Judge Legg, Assistant United States Attorney Bonnie Greenberg, and her criminal defense attorney Peter Goldman, asserting a due process challenge to her "involuntary" transfer to a Virginia state regional jail and to an FMC without being afforded notice and an adversarial hearing before an "independent decision-maker." Paper No. 1. Plaintiff also takes issue with her upcoming "competency" hearing and the legal sufficiency of the charges pending before this court. *Id*. She

---

[1] *See Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

seeks an order declaring her transfer unconstitutional, enjoining the conduct of a competency hearing and transferring her from the FMC, and $750,000.00 in damages. Paper No. 1. Because she is indigent, plaintiff shall be granted leave to proceed *in forma pauperis*.

To the extent that plaintiff is seeking compensation and declaratory relief for her arrest and detention under a civil rights theory, the case shall be dismissed without prejudice as her complaint for damages is not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See also Muhammad v. Close*, 540 U.S. 749, 750-51 (2004). Plainly, a judgment in favor of plaintiff with regard to her arrest, detention, and criminal prosecution would bring into question the validity of the criminal proceedings. Under the rule of *Heck,* her civil rights claims for damages may not proceed in this court at this time. *See Crow v. Perry*, 102 F.3d 1086, 1087 (10th Cir. 1996); *Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam); *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994) (*Heck* applies to 28 U.S.C. § 1331 civil rights actions).

In addition, any federal judge would possess absolute judicial immunity from liability for monetary damages and for declaratory and injunctive relief under the circumstances here. *See Tinsley v. Widener*, 150 F.Supp.2d 7, 11 (D. D.C. 2001); *Mehdipour v. Purcell*, 175 F.Supp.2d 1165, 1166 (W.D. Okla. 2001); *Glendora v. City of White Plains*, 53 F.Supp.2d 621, 624 (S.D. N.Y. 1999); *see also Bolin v. Story*, 225 F.3d 1234, 1240-1242 (11th Cir. 2000) (doctrine of absolute judicial immunity serves to protect federal judges from injunctive relief as well as money damages). Furthermore, federal prosecutors are entitled to absolute damages immunity with respect to activities

that are intimately associated with the judicial phase of the criminal process. *See Lyles v. Sparks*, 79 F.3d 372, 376 n. 4 (4th Cir. 1996); *see also Buckley v. Fitzsimmons,* 509 U.S. 259, 272-73 (1993).[2]

An order follows granting plaintiff leave to proceed *in forma pauperis* but dismissing her complaint without requiring service of process on defendants.

Date: July 31, 2007                             _/s/_____
                                                Andre M. Davis
                                                United States District Judge

---

[2]The plaintiff's allegations do not state a federal claim against Mr. Goldman. An attorney appointed to represent a criminal defendant pursuant to a federal statute is not a federal official for purposes of a *Bivens* action. *See Christian v. Crawford,* 907 F.2d 808, 810 (8th Cir. 1990); *see also Polk County v. Dodson*, 454 U.S. 312, 321, (1981).